**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00052-WJM

ANNA M. GARCIA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO THE COMMISSIONER**

---

    This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Anna Garcia ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for disability and social security benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

    For the reasons set forth below, the ALJ's denial of benefits is reversed and the case is remanded to the Commissioner for rehearing.

## I.  BACKGROUND

    Plaintiff filed a claim for Disability Insurance Benefits on March 2, 2010. (Admin. Record ("R.") at 10). Plaintiff alleged a disability onset date of July 29, 2009. (*Id.*) The hearing before ALJ Nagle resulted in an unfavorable decision for Plaintiff dated July 28, 2011. (R at 22).

Plaintiff was 43 years old on the alleged onset date.  (R. at 20.)  Plaintiff has a high school education and has past work experience as a certified nursing assistant, a mental aid, a secretary, and a waitress.  (*Id.*)  The ALJ found Plaintiff's impairments to be severe—including degenerative disc disease with back pain, obesity and adjustment disorder.  (R. at 13).

Plaintiff injured her back on the job while working with an autistic child in the developmental disability program.  (R at 251).  Plaintiff was knocked backwards by a client and struck a couch with her right lateral thigh and fell to the ground.  (*Id.*)  Plaintiff developed immediate thigh pain and increasing lower back pain with tightness and tingling into her leg.  (*Id.*)  At the hearing before ALJ Nagle, Plaintiff testified that doing chores around her house takes a long time because she has to alternate between sitting and standing.  (R. at 39).

Plaintiff testified that her calves feels like they are on fire, pain shoots through her legs, and she feels stabbing pains on the front of her legs.  (R. at 46-47.)  Plaintiff stated that she takes prescriptive medication, sits down, and lies down about three hours per day to help relieve her leg pain.  (R. at 47-48, 53.)  Plaintiff testified that she experiences pain in her lower back constantly, and that she ranks a 9 on a 1-10 pain scale.  (R. at 49.)  Plaintiff indicated that sitting for prolonged periods triggers her back pain and in order to relieve the pain she does stretches and lies down.  (*Id.*)

Plaintiff obtained medical treatment through the Colorado Workers' Compensation system from Dwight Caughfield, D.O.  (R. at 344-387).  Dr. Caughfield ultimately released Plaintiff with permanent restrictions including lifting a maximum of 15 pounds, but only five pounds repetitively; standing and walking four to six hours per day,

but only fifteen minutes at a time, and no more than thirty minutes per hour; sitting for 30 minutes between breaks; and assuming various postures occasionally. (R. at 344). The ALJ assigned "great weight" to Dr. Caufield's opinion. (R. at 19.)

Plaintiff was given a Functional Capacity Evaluation as part of her Workers' Compensation case. (R. at 319). This test showed, *inter alia*, that Plaintiff can stand and walk for ten to fifteen minutes at a time, limited to thirty minutes per hour; and can sit for thirty minutes before needing a break to "stand/stretch." (R. at 323). The State agency psychologist, Dr. Levy, stated that Plaintiff's mental impairments limit her to "three step tasks performed at a moderate pace," "routine and predictable tasks," and "occasional public contacts." (R. at 398). The ALJ "adopted" Dr. Levy's opinion of mental restrictions. (R. at 19.)

A vocational expert also testified at the hearing. (R. at 67-77.) The ALJ asked three hypothetical questions; the second being particularly relevant for the purposes of this Order as addressed below.

On the June 28, 2011, ALJ Nagle issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (R. at 12.) At step two, the ALJ found that Plaintiff has various severe physical

---

[1] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

and mental impairments. (R. at 13.) At step three, the ALJ found that the impairments do not meet a Listing Impairment. (R at 13.) Before going on to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") for lifting fifteen pounds occasionally, and five pounds frequently; standing and walking for a total of four to six hours per day; engaging in postural activities occasionally; performing three step, unskilled, routine, predictable tasks; and engaging in occasional public interaction. (R. 15.). At step four, the ALJ found Plaintiff is not able to perform past relevant work. (R. at 20.) However, at step five, and notwithstanding inaudible sections of the transcript (R. 67-74), the ALJ relied on opinion evidence from the vocational expert to arrive at the conclusion that Plaintiff can still perform other work in the national economy. (R. 21.) The ALJ found that Plaintiff has not been under a disability, and Plaintiff's claim for Social Security benefits was, therefore, denied. (R. 22.)

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision on Plaintiff's entitlement to disability benefits to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Although a district court will "not reweigh the evidence or retry the case," a district court "meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test

has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *see also* 42 U.S.C. § 405(g). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence, nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

### III.  ANALYSIS

The Appeals Council denied Plaintiff's request for review on the ALJ's decision. (ECF No. 14 at 10.) Plaintiff then filed this action seeking review of that decision. On appeal, Plaintiff raises five issues for consideration: (1) the ALJ's RFC finding does not include all of the limitations contained in the medical opinions that were adopted by the ALJ; (2) the ALJ's hypothetical questions to the vocational expert did not precisely reflect Plaintiff's limitations; (3) the ALJ's finding that the vocational expert's testimony is consistent with the Dictionary of Occupational Titles is not supported by the evidence; (4) the ALJ did not properly assess the credibility of Plaintiff's testimony; (5) the ALJ did not properly assess the effect of Plaintiff's severe obesity. (ECF No. 14 at 4.)

Because the Court finds that the ALJ's RFC was not supported by substantial evidence, by *not* including all of the limitations contained in the medical opinions that were adopted by the ALJ, the Court finds that this error requires remand. Since these same limitations tainted the second issue—*i.e.* the ALJ's hypothetical questions to the vocational expert—the Court also finds that this issue warrants remand.

**A.     RFC Not Supported by Substantial Evidence**

Plaintiff attacks the ALJ's RFC findings by contending that the ALJ gave

considerable weight to the opinions of Dr. Caughfield and Dr. Levy, but failed to include all of their limitations in the RFC. (ECF No. 14 at 7.)

The RFC assessment is made by the ALJ "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1). The RFC is an assessment of the most a claimant can do despite his or her limitations. *Id.* Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements. Soc. Sec. Ruling (SSR) 96–8p (July 2, 1996). An ALJ must make specific RFC findings based on all of the relevant evidence in the case record. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); SSR 96–8p, 1996 WL 374184, at *5 (July 2, 1996):

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved

SSR 96–8p.

The ALJ's findings regarding the RFC must be supported by substantial evidence. *See Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

In this case, the ALJ's RFC is as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except the claimant is able to lift a maximum of fifteen pounds, with a frequent lift limit of five pounds, is able to stand or walk for

> approximately four to six hours, and occasionally crawl, squat, climb or bend. The claimant is limited to three-step unskilled, routine predictable tasks, in an environment with only occasional public interactions.

(R. at 19.) Plaintiff challenges the ALJ's determination on the basis RFC finding did not accurately reflect the opinions of Dr. Caughfield and Dr. Levy. The ALJ stated that she assigned "great weight" to Dr. Caughfield's opinion regarding physical restrictions, and stated that she "adopted" Dr. Levy's opinion regarding mental restrictions. (R. at 19).

With respect to Dr. Caughfield's evidence, Plaintiff asserts that the ALJ omitted Dr. Caughfield's limitation of standing/walking for no more than fifteen minutes at a time (and no more than thirty minutes per hour); and also the limitation of *sitting for thirty minutes* "*between breaks.*" (ECF No. 14 at 14) (emphasis added.) Because of these omissions, Plaintiff contends that the ALJ erred in its determination.

To support this position, Plaintiff relies on Soc. Sec. Rul. (SSR) 83–12, 1983 WL 31253, at *1-2 (November, 28 1983):

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for a while before returning to sitting. Such an individual is **not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work** (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (emphasis added.)

*See also* Soc. Sec. Rul. 96–9P, 1996 WL 374185 at *7 (July 2, 1996) (stating the RFC assessment must be "specific as to the frequency of the individual's need to

alternate sitting and standing" since such findings may "erode" the "sedentary" job base.)[2]

The above Rulings tend to suggest that an omission with respect to sitting/standing is critical to the *types* of jobs a claimant may work in. The Court holds as much and that the ALJ's omission(s) of Dr. Caughfield's opinion (after affording it "great weight"), tainted the ALJ's final determination. Based on these Rulings, the Court finds that remand is warranted in this case because there is a lack of substantial evidence to support the RFC finding. *See generally Flaherty*, 515 F.3d at 1070 (stating that a district court "meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met.")

In addition, Plaintiff contends that the ALJ omitted Dr. Levy's modifier phrase. That phrase indicated that Plaintiff can only perform three step, routine, predictable tasks that are performed at a moderate pace. (ECF No. 14 at 14.) Based on this opinion, fast paced jobs are not allowed. (*Id.*) Plaintiff submits that ALJ had no reason for omitting Dr. Levy's pace limitation from her RFC finding after specifically "adopting" her opinion. (*Id.*) The Court agrees. In the Court's view, this omission (as to Dr. Levy's pace limitation) also provides basis for remand in so far that the RFC determination has not been based on substantial evidence because it lacks a limitation that goes to the

---

[2] The Court notes that upon review of the Commissioner's Response (ECF No. 16.), there is nothing in that brief that seeks to refute these Rulings. These Rulings look to be on point for the purposes of the present case and is not objected to by the Commissioner. *Phillips v. Calhoun,* 956 F.2d 949, 953-54 (10th Cir.1992) ("A litigant who fails to press a point . . . forfeits the point.")

*types* of jobs that Plaintiff could be employed in.³ *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).

Accordingly, because the omissions regarding Dr. Caughfield and Dr. Levy's limitations are significant, the ALJ's RFC is not based upon substantial evidence. As such, the ALJ's decision is reversed and this case is remanded to the Commissioner for further proceedings.

**B.  The ALJ's hypothetical questions to the vocational expert did not precisely reflect Plaintiff's limitations**

Plaintiff contends that the ALJ's erred with respect to the hypothetical questions proposed to the vocational expert because they did not reasonably reflect Plaintiff's limitations. (ECF No. 14 at 9.) Such error, Plaintiff says, derives from the RFC determination. As noted in *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996), Plaintiff argues that *Winfrey* (like the present case) illustrates the problems associated with an incomplete RFC assessment—*i.e.* the "limitations omitted from the RFC finding are also omitted from the hypothetical questions propounded to the vocational expert at step five of the analysis resulting in a defective determination as to Plaintiff's abilities to do work in the existing economy." (ECF No. 14 at 16-17.)

Plaintiff argues, therefore, that the ALJ erred on the basis that it lacks precision as to all of Plaintiff's medical limitations. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492

---

³ Note: The Commissioner concedes that these limitations were omitted in the RFC. (ECF No. 16. at 14.) However, the Commissioner argued that these omissions were not prejudicial because the ALJ provided a hypothetical to the vocational expert that included these specific limitations. The Court disagrees. Upon review of the transcript, and for reasons stated later, the Court finds that the ALJ did *not* provide the vocational expert with the correct limitations.

(10th Cir. 1991) ("Testimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.") The Court agrees.

To support this finding, the Court incorporates by reference the three omitted limitations discussed with regard to the RFC analysis above. By way of example, and to show how *one* these omissions constitutes cause for remand, the Court observes the following kinks in the ALJ's chain of reasoning: (1) Dr. Caughfield expressed Plaintiff's sitting limitation as: "Sit—30 min. duration between breaks" (but this was not identified in the RFC); (2) the ALJ said that it afforded Dr. Caughfield's opinion "great weight" (but the ALJ failed to incorporate all of that opinion into the RFC); and (3) in ALJ's second hypothetical question, the ALJ advised the vocational expert that Plaintiff could perform sitting for six hours per day as long as Plaintiff could change positions to standing and then resume sitting—*i.e.* stand up, sit down (but this does not reflect Dr. Caughfield's opinion, which had been afforded "great weight" by the ALJ). (R. at 19 and 73).

In sum, the ALJ's error can be traced back to what Dr. Caughfield said in his report—*i.e.* that Plaintiff can sit for thirty minutes "between breaks." (R. at 384). The ALJ, however, did not frame this limitation to the vocational expert this way. Because the ALJ did not provide the vocational expert with the correct question (because it did not contain the correct limitation), this mislead, or, at best, confused the vocational expert into believing that Plaintiff could stand up briefly after sitting for thirty minutes; rather than taking a full break after sitting for thirty minutes after undertaking work.

This confusion is also reflected in the transcript (R. at 72-74), where constant clarification is sought by the vocational expert via telephone (much of which was

deemed inaudible). The inaudibility in the transcript compounds the confusion for the vocational expert at a critical juncture of the hearing since a "break" *after* thirty minutes of sitting, would require twelve extra breaks per six hour work day, which is quite different to typical positions in the existing economy. (R. at 70.)

The Court concludes that because the ALJ's omission is material (*i.e.* not precise as to the limitations proscribed by Dr. Caughfield and Dr. Levy), it is sufficient to taint the substantiality of the vocational expert's testimony. *See Hargis*, 945 F.2d at 1492. Since the evidence is tainted by omission, substantial evidence is lacking in this case for the ALJ to have made the correct determination as to Plaintiff's claim to disability benefits. The Court finds that remand is required to resolve these deficiencies. *See Fischer-Ross*, 431 F.3d at 733.

**C.     Harmless Error**

Finally, it is worth addressing the fact that the Commissioner concedes that the ALJ omitted the abovementioned limitations. (ECF No. 16 at 13-14.) The Commissioner argues, however, that these omissions were *not* prejudicial because the ALJ allegedly provided a hypothetical to the vocational expert that included the specific limitations noted by Dr. Caughfiled and Dr. Levy. The Court disagrees—particularly in light of the deficiencies that have been addressed above.[4]

---

[4] When making the harmless error argument, the Commissioner contends that the ALJ provided the correct limitation at R. 70. But upon review of that reference, the Court finds this not to be the case. Moreover, the Commissioner fails to note that between R.71 through R73—being key junctures where the vocational expert is providing evidence via telephone— the transcript indicates that the question and answers are inaudible. This is troubling, particularly given the importance of the opinion evidence the vocational expert is providing—and the factual basis from which that opinion is derived (i.e. Dr Caughfield's report at R. 384.) Between R.70-75 in the transcript, there are nine passages where the transcriber notes that a question by the ALJ (or answer by the expert) is "INAUDIBLE." This is indicated capitals. Throughout these

Courts apply harmless error cautiously in the administrative review setting. *Fischer-Ross.*, 431 F.3d at 733. An error is only harmless when the Court can "confidently say that no reasonable administrative fact-finder, following the correct analysis, could have resolved the factual matter in any other way.' *Id.* at 733-34. Here, the Court has no confidence that the factual deficiencies in this case could be resolved another way because the deficiencies are critical omissions. As such, the ALJ's error is *not* harmless because the jobs identified by the vocational expert are not predicated on the correct limitations that derive from Dr. Caughfield and Dr. Levy's opinions.

Given that the ALJ gave considerable weight to these opinions—and then failed to provide the vocational expert with the precise physical and mental limitations—the ALJ's error is anything but harmless. Indeed, the Court finds this type of error is more toward the significant end of the spectrum given the weight afforded to both Dr. Caughfield and Dr. Levy in the ALJ decision.

### C.   Remaining Arguments

Plaintiff raises three additional issues related to the sufficiency of the underlying proceedings. Because the Court finds that the ALJ's RFC was not supported by substantial evidence and that this error alone requires remand, it need not address the other arguments raised by Plaintiff—particularly in circumstances where the Commissioner's harmless error argument has been rejected. *See Madrid v. Barnhart*,

---

passages in transcript, the vocational expert is seeking further clarification from regarding Plaintiff's medical limitations and there is nothing in the record to suggest that the correct limitations found their way into discussion. The limitations are certainly not found at R. 70 where the relevant hypothetical question was originally asked. *See Pinnt v. Chater*, 988 F. Supp. 1354, 1360 (D. Colo. 1997) ("Although the ALJ is entitled to draw reasonable inferences, his presumptions, speculations and suppositions should not be substituted for evidence.")

447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal).

The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  It is entirely possible that, given the passage of time and the positive manner in which it appeared Plaintiff's life was changing as of the hearing before the ALJ, the ALJ could arrive at the same conclusion and find that Plaintiff is not disabled.  The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 14th day of March, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge